**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LAKEWOOD INVESTMENT GROUP
LIMITED PARTNERSHIP,                          *

  Plaintiff,                                    *

              Civil Action No. 8:23-cv-868-PX

 v.                                                    *

MARY T. JACOBSEN, *et al.*,                    *

  Defendants.

             *
            ***

## <u>MEMORANDUM OPINION</u>

Presently pending before the Court in this interpleader action is Cross-Defendant Edwin F. Jacobsen ("Edwin")'s motion to vacate clerk's entry of default. ECF No. 121. The motion has been briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is granted.

**I.      Background**

On November 17, 2023, Cross-Plaintiffs Mary T. Jacobsen and Elizabeth A DeMarr (collectively, "Cross-Plaintiffs") moved for leave to file an Amended Counterclaim against the Lakewood Investment Group Limited Partnership, George E. Christopher, and Jeffrey C. Jacobsen and an Amended Crossclaim against Edwin F. Jacobsen. ECF No. 98. On February 2, 2024, this Court granted Cross-Plaintiffs' motion. ECF No. 105 at 2.

The deadline for Edwin to respond to the Amended Crossclaim was February 23, 2024, but he failed to do so. Thus, on March 22, 2024, Cross-Plaintiffs moved for clerk's entry of default against Edwin. ECF No. 118. On March 26, 2024, the Clerk entered an Order of Default against Edwin. ECF No. 119. The next day, Edwin moved to vacate the Order of Default. ECF

No. 121.  Edwin argues that his counsel did not receive notice of the Amended Crossclaim because counsel's email address in the CM/ECF system is not correct.  *See* ECF No. 121-1 at 2–3.  Cross-Plaintiffs oppose the motion.  ECF No. 123.

## II.    Analysis

Pursuant to Federal Rule of Civil Procedure 55(c), a court may "set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  The Fourth Circuit has announced a "strong policy that cases be decided on their merits."  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993).  Therefore, a motion to vacate default must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments."  *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).  "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits."  *Id.*  When considering whether to set aside an entry of default, the Court weighs six factors: (1) whether the movant has a meritorious defense, (2) whether the movant acted with reasonable promptness, (3) whether the movant bears personal responsibility for the entry of default, (4) any prejudice to the non-moving party, (5) any history of dilatory action, and (6) the availability of lesser sanctions short of default judgment.  *See Colleton v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see also Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

Although Edwin says little about his defense, *see* ECF No. 121-1, the remaining factors support granting the motion to vacate the default order.  Edwin acted with reasonable promptness after learning of his default, filing his motion to vacate one day after the Clerk's default entry.  *See* ECF Nos. 119, 120 & 121.  *Cf. Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (defaulting party did not act with reasonable

promptness when two and one-half months passed between entry of default and motion to vacate). Edwin also does not appear personally responsible for the delay. Instead, his attorney contends that he did not receive notice because his email was wrongly entered on the docket. *See* ECF No. 121-1 at 2–3. Although Cross-Plaintiffs rightly push back on this contention, *see* ECF No. 123 at 2–4, the Court will not disadvantage Edwin at this stage because of "the errors or neglect of his attorney." *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982).

Nor can the Court discern any prejudice to Cross-Plaintiffs as a result of the brief delay in Edwin's participation in the case. *See Hoover*, 616 F.3d at 418. As for Edwin's previous delay in responding to the Complaint, once Edwin received notice of the motion for clerk's entry of default, he promptly answered the Complaint and explained that he "in good faith, mistakenly believed his silence would be deemed as alignment with" Plaintiff's motion for interpleader. ECF No. 71 ¶ 3; ECF Nos. 72 & 82.

Finally, lesser sanctions, such as shifting of the costs to litigate the setting aside of the default order, more appropriately can address Edwin's brief absence in this case. The extreme sanction of default is simply not warranted. *See Trs. of Sheet Metal Workers' Local Union No. 5 & Iron Workers Emp'rs Ass'n, Emp. Pension Tr. v. R. Stoddard, LLC*, No. GJH-17-3286, 2019 WL 1128518, at *2 (D. Md. Mar. 8, 2019) ("It is an appropriate lesser sanction to award attorneys' fees when a party defaults."). Given the "strong preference" that cases be decided on the merits, *Hoover*, 616 F.3d at 417, Edwin has demonstrated sufficient good cause under Rule 55(c) to set aside the entry of default. The motion to vacate entry of default is therefore granted.

## III.   Conclusion

For the foregoing reasons, the motion to vacate clerk's entry of default (ECF No. 121) is GRANTED. A separate Order follows.

3

May 6, 2024
Date

/s/
Paula Xinis
United States District Judge